Judge Owsley
delivered the opinion of the court.
This is an appeal from a decree of the court below, dismissing Owings’ bill, brought not only for a division of a tract of land, but to compel Mansel to convey to him the one equal moiety.
Owings asserts his right to a conveyance under a purchase of the land made by Mansel from Alexander M’Clain for the joint benefit of himself and Owings; but Mansel, although he admits the purchase, contends that, as M’Clain had no title to the land when the purchase was made, he ought not to be compelled to convey to Owings, especially, *231 as he alledges, that he has become invested with the legal ti-tie, not in consequence of that purchase, but under a different and distinct purchase by him thereafter made from the sons of M’Clain.
Ajoint benefit of thé pur-an^ a ner,from one having no ti-⅛ but^ ⅛,, holder of the ^1'11 c°!> o^taconfir-mationof the sale» will be 0f the latent - partner,
Hardin andfíaggin for appellant, Wickliffe for appellee.
By the evidence and exhibits in the cause, there is no doubt but that the title resided in the sons of M’Clain when the purchase was made by Mansel, for himself and Qwings; and although Mansel is also shewn to have acquired the ti-tie from the sons, after they became of age, yet as it is obvious that when the purchase wTas made from the father, it tvas done with a view to the subsequent confirmation by the sons; audit is moreover satisfactorily proven, that it was by the sons’ confirmation of the purchase from the father, Mansel obtained the title, he ought, most clearly, upon Owings paying what remains -due for 1ns part of the purchase money, if any thing, to be compelled to convey one moiety of the land. .
And if entitled to one moiety of the land, it follows that Owings must also be entitled to the moiety ol the rents and profits subsequently received by Mansel; and consequently an account should not only be taken of the price and payments by Owings for the land, but also of a debt of 150, due by Manselt0 Owings, and an estimate of the rents and profits which have been received by Mansel.
The decree must be reversed, the cause remanded, and after taking an account according to the foregoing opinion, a decree finally pronounced for a conveyance and division of the land, and such other and further orders and decrees made as may comport with the equity of the case, and the rights of the parties, according to the principles of this opinion.
The appellant must recover bis costs.